UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2352(DSD/JSM)

Michael Connoy,

       Plaintiff,

v.                                                              **ORDER**

U.S. Bank N.A.,

       Defendant.

    Marcus A. Jarvis, Esq. and Jarvis & Associates, PC, 13630 Oakwood Curve, Burnsville, MN 55337, counsel for plaintiff.

    Jared M. Goerlitz, Esq., Steven H. Bruns, Esq. and Peterson, Fram & Bergman, P.A., 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion to dismiss by U.S. Bank N.A. (U.S. Bank). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This mortgage dispute arises out of a mortgage loan from nonparty Bank of America, N.A. (Bank of America) to plaintiff Michael Connoy. On April 10, 2007, Connoy and Bank of America executed a promissory note (Note) for the amount of $865,000 in exchange for a mortgage of real property located at 7650 South Bay

Drive, Bloomington, Minnesota (the Property).[1]  See Compl. ¶¶ 4, 6-7.  On April 23, 2007, the mortgage was recorded with Hennepin County.  Id. ¶ 17; Goerlitz Aff. Ex. 2.

On April 6, 2010, Bank of America assigned the mortgage to U.S. Bank.  Compl. ¶ 18; Goerlitz Aff. Ex. 2.  U.S. Bank recorded the mortgage, and after an event of default, it began non-judicial foreclosure proceedings.  See Goerlitz Aff. Exs. 2-3.  The default was not cured, and the Property was sold at a Sheriff's Sale on January 28, 2011.  Compl. ¶ 20.

Connoy filed this claim in Minnesota state court on July 27, 2011, requesting an order to set aside the foreclosure sale, a declaratory judgment voiding the Defendants' security interest in plaintiff's home and money damages.  U.S. Bank timely removed.  The court now considers the motion.

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim

---

[1] The legal description for the property is Lot 10, Block 2, South Bay 8th Addition, Hennepin County, Minnesota.

has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim."  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court may consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).[2]

## II. Jurisdiction

Connoy first argues that this court lacks subject-matter jurisdiction.[3]  U.S. Bank removed this case from state court

---

[2] Exhibits 1-3 of the affidavit of Jared M. Goerlitz are public records and necessarily embraced by the complaint.

[3] Connoy did not file a motion to remand.  Instead, he argued that it would be improper to grant a motion to dismiss, because the court lacks subject-matter jurisdiction.

pursuant to 28 U.S.C. § 1332.  For jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship between the parties.  See 28 U.S.C. § 1332.  Connoy concedes that the amount in controversy exceeds $75,000.  See Pl.'s Mem. Opp'n 5.

In the Eighth Circuit, a national bank is a citizen in the state "designated ... as its main office." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006); see Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 709 (8th Cir. 2011).  The Federal Deposit Insurance Corporation lists the location of U.S. Bank's main office as Cincinnati, Ohio.  Cf. U.S. Bank Nat'l Ass'n v. Polyphase Elec. Co., No. 10-4881, 2011 WL 3625102, *1-3 (D. Minn. Aug. 17, 2011) (holding that U.S. Bank is a citizen of Ohio only). Connoy is a citizen of Minnesota.  Therefore, the parties are diverse, and the court has subject-matter jurisdiction.

**III. Foreclosure by Advertisement**

Under Minnesota law, for a party to foreclose by advertisement, it is requisite:

> (1) that some default in a condition of such mortgage has occurred, by which the power to sell has become operative;
>
> (2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage ...
>
> (3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded ....

4

Minn. Stat. § 580.02; see Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 492 (Minn. 2009). "The foreclosure-by-advertisement statute is strictly construed because it is a purely statutory creation." Ofor v. Ocwen Loan Servicing, LLC, 649 F.3d 808, 813 (8th Cir. 2011) (citation and internal quotations marks omitted). Exact compliance with the terms of the foreclosure-by-advertisement statute is required. See Jackson, 770 N.W.2d at 494. "If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void." Id. (citation and internal quotation marks omitted).

    **A.**    **Separation of Mortgage and Note**

Connoy argues that the foreclosure is invalid, because the mortgage and Note were separated. Jackson precludes this argument. See id. at 500. Ownership of the note (equitable title) can be separated from ownership of the mortgage (legal title). Id. In such cases, "the power of sale must be exercised in the name of the party who has the legal title to the instrument." Id. (quoting Burke v. Backus, 52 N.W. 458, 459 (Minn. 1892)).

Connoy acknowledges that legal title to the property was transferred from Bank of America to U.S. Bank on April 6, 2010. See Compl. ¶ 18; see also Goerlitz Aff. Ex. 2. Therefore, dismissal is warranted.

**B.     Standing**

Connoy also argues that U.S. Bank lacks standing to foreclose. In support, Connoy argues that the Note presented at foreclosure did not have his signature, or, in the alternative, that U.S. Bank could not foreclose because it did not own the Note.  The court disagrees.

The Sheriff's Certificate of Sale and Foreclosure Record is "prima facie evidence that all the requirements of law ... have been complied with ...."  Minn. Stat. § 580.19.  Further, the original note need not be produced prior to foreclosure. See Stein v. Chase Home Finance, LLC, No. 11-1292, slip op. at 6 (8th Cir. Dec. 1, 2011); Butler v. Bank of Am., N.A., No. 11-461, 2011 WL 2728321, at *5 (D. Minn. July 13, 2011).  Where, as here, legal and equitable title have been separated, only legal title is material under Jackson.  Whether Connoy's signature was present on the Note or whether U.S. Bank owned the Note has no significance. Therefore, this argument fails, and dismissal is warranted.[4]

**C.     Minnesota Statutes § 580**

Connoy also argues that the foreclosure was improper based on the failure of U.S. Bank to comply with the statutory requirements

---

[4] In conjunction with his standing claim, Connoy also alleges violations of the Federal Fair Debt Collection Practices Act and common law fraud. See Compl. ¶¶ 67-69.  Not only do these claims fail to state a claim, see Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009), but since U.S. Bank had standing to foreclose, they also fail as a matter of law.

of the Minnesota non-judicial foreclosure statute.[5]  The court disagrees.

Connoy first argues that U.S. Bank failed to record all assignments of the mortgage.  In support, Connoy notes that "WELLS (BAFC 2007-D MASTER SERV)" is the "creditor whom the debt is owed," and that this entity is not listed on the Notice of Foreclosure. See Pl.'s Mem. Opp'n 5.

"Standing to foreclose under Minnesota's non-judicial foreclosure law requires ... that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded ...."  Minn. Stat. § 580.02.  A party, however, "can hold legal title to the ... [mortgage] without holding an interest in the promissory note."  Jackson, 770 N.W.2d at 500. "[A]ssignment of the promissory note with no accompanying assignment of the security instrument constitutes a mere equitable assignment of the mortgage, it does not by operation of law need to be recorded to meet the requirements necessary to commence a

---

[5] Connoy raises several new claims under Minnesota Statutes § 580 in his motion in opposition.  This alone is sufficient to warrant dismissal.  See Morgan Distrib. Co. v. Unidynamic Corp., 969 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984))).  Nevertheless, the court addresses these arguments, because they do not change the outcome of the case.

foreclosure by advertisement." Id. at 501. As Jackson makes clear, the current creditor possesses no legal title and need not be recorded. Connoy does not state a claim under § 580.02.

Connoy next argues that the foreclosure notice did not include the proper "lender name" and "loss mitigation phone number" as required by Minnesota Statutes § 580.041, subdivision 2. The foreclosure notice lists Bank of America as the lender and provides a phone number to contact the lender. See Pl.'s Mem. Opp'n 6. Connoy appears to take the position that U.S. Bank, as opposed to Bank of America, should have been listed on the foreclosure notice. Section 580.041, however, does not require that the mortgage holder be listed. As a result, including only Bank of America and a phone number to their mortgage office does not violate § 580.041.

Connoy also argues that the sheriff's sale violated Minnesota Statutes § 580.04,[6] because the Notice of Foreclosure failed to state or incorrectly stated the name of the mortgagee or assignee of the mortgage. Section 580.04 requires that, in order to foreclose by advertisement, "[e]ach notice shall specify or contain ... the name of the mortgagor, the mortgagee, each assignee of the mortgage, if any, and the original or maximum principal amount

---

[6] Connoy alleges: "[T]he Notice of Foreclosure by Advertisement did not meet the requirements of Minn. Stat. § 582.25. Specifically, plaintiffs claim that the notice failed to state the names of one or more of the assignees ...." Def.'s Mem. Opp'n 6. Section 582.25 does not proscribe requirements for a Notice of Foreclosure by Advertisement. The court construes this as a claim under § 580.04.

8

secured by the mortgage."  Minn. Stat. § 580.04(a)(1).  Connoy pleaded no facts that suggest that the mortgage was owned by any entity other than Bank of America or U.S. Bank.  Both Bank of America and U.S. Bank were listed on the Notice of Foreclosure. Therefore, Connoy does not state a claim under § 580.04, and dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 2] is granted; and

2.   Because this action is dismissed, the Notice of Lis Pendens filed on July 27, 2011, in Hennepin County, is discharged.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  December 1, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
