UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-2352(DSD/JSM)

Michael Connoy,

    Plaintiff,

v.                                                                          **ORDER**

U.S. Bank N.A.,

    Defendant.

    Michael Connoy, 7650 South Bay Drive, Bloomington, MN, 55438, pro se.

    Andre Hanson, Esq. and Fulbright & Jaworski LLP, 2100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for Rule 60(b) relief by pro se plaintiff Michael Connoy. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

This dispute arises out of a non-judicial foreclosure executed by defendant U.S. Bank N.A. (U.S. Bank) at a property currently possessed by Connoy. The background of this action is fully set out in the court's December 1, 2011, order, and the court recites only those facts necessary for the disposition of the instant motion.

On July 27, 2011, Connoy filed suit in Minnesota court challenging the foreclosure action and seeking a declaratory judgment. U.S. Bank timely removed and moved to dismiss. On December 1, 2011, the court granted the motion to dismiss. See ECF No. 24. Connoy appealed, and the Eighth Circuit affirmed. See Connoy v. U.S. Bank, N.A., 494 F. App'x 701, 701 (8th Cir. 2012) (unpublished per curiam), reh'g en banc denied No. 12-1002 (8th Cir. Jan. 17, 2013). Thereafter, on May 16, 2013, Connoy filed a motion for relief from judgment pursuant to Rule 60(b)(3), (5) and (6). The court set a briefing schedule, and now addresses the motion.

**DISCUSSION**

In relevant part, Rule 60(b) explains that

> the court may relieve a party ... from a final judgment, order, or proceeding for ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party ...; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In general, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 (8th Cir. 1994) (citation and internal quotation marks omitted). The court addresses each of Connoy's arguments.

2

## I. Subsection (3)

Connoy initially argued that Rule 60(b)(3) provided grounds for relief from judgment. See Pl.'s Mot. Relief J. ¶ 1. In his memorandum in support, however, Connoy argues for relief under only Rule 60(b)(5) and (6). See Pl.'s Mem. Supp. ¶ 1. To the extent that Connoy persists in a claim under Rule 60(b)(3), the motion is untimely.

Rule 60(c) states that a motion under Rule 60(b)(1)-(3) "must be made ... no more than a year after the entry of judgment." Moreover, "[i]t is well established that the pendency of an appeal does not toll the one-year maximum period for filing motions under Rule 60(b)(1)-(3)." Fed. Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766-67 (8th Cir. 1989) (citations omitted). The court entered judgment on December 1, 2011, and Connoy did not move for Rule 60(b) relief until May 16, 2013. Therefore, any request for relief pursuant to Rule 60(b)(3) is untimely, and denial of the motion is warranted.

## II. Subsection (5)

Connoy next argues that a change in Minnesota law warrants relief under Rule 60(b)(5). Specifically, Connoy argues that Ruiz v. 1st Fidelity Loan Servicing, LLC, 829 N.W.2d 53 (Minn. 2013), represents a "significant change in law," whereby a "foreclosure by advertisement is void if the assignment recording statute ... is not strictly complied with." Pl.'s Mem. Supp. 6. In response,

U.S. Bank argues that Ruiz does not effect a change in the law. The court agrees.

In Ruiz, the Minnesota Supreme Court held that Minnesota Statutes "section 580.02(3) requires a foreclosing party to record all assignments of the mortgage before the foreclosing party has the right to begin the foreclosure by advertisement process and that the recording requirement must be strictly complied with." Ruiz, 829 N.W.2d at 58. Such a holding, however, does not represent a change in the law. Indeed, Ruiz noted as much, stating that such an "interpretation of the statute is consistent with our decision in Adlinger v. Close, ... 201 N.W. 625 (1925)." Id. Moreover, such an interpretation is consistent with the court's December 1, 2011, order, which explained that the foreclosure statute must be strictly followed. See ECF No. 24, at 5 ("Exact compliance with the terms of the foreclosure-by-advertisement statute is required." (citation omitted)). In sum, Ruiz does not represent a change in law, and this alone warrants dismissal of Connoy's Rule 60(b)(5) motion.

Even if the court were to conclude that Ruiz established a change in Minnesota law, Rule 60(b)(5) relief is inappropriate. In support of his motion, Connoy argues that the Notice of Pendency and Power of Attorney were improperly recorded. See Pl.'s Mem. Supp. 8. Connoy, however, did not previously raise such a claim before the district court or the Eighth Circuit. See Ver. Compl.

4

¶¶ 52-91 (including three claims: fraud, lack of standing and "show me the note" theory); Appellant's Br. at 3, Connoy v. U.S. Bank, N.A., No. 12-1002 (8th Cir. June 18, 2012) (Statement of Issues) (arguing that district court "err[ed] in it's [sic] loose interpretation and application of MN. Statute 580.41 Subdivision 2, by not ... requiring that both the correct 'lender' and proper 'loss mitigation phone number' must be included in the Foreclosure Advice Notice." (emphasis removed)).  In other words, Connoy's claim that a material defect exists in the recording documents raises arguments not previously presented.  As a result, the claim is more properly analyzed under the "newly discovered evidence" prong of Rule 60(b)(2).  See Kalamazoo River Study Grp. v. Rockwell Int'l Corp., 355 F.3d 574, 588-89 (6th Cir. 2004) (converting Rule 60(b)(5) motion into Rule 60(b)(2) motion); cf. United States v. Dakota Cheese, Inc., 923 F.2d 576, 577 (8th Cir. 1991) (affirming denial of Rule 60(b)(6) motion where motion was in effect a Rule 60(b)(2) motion and outside the one-year limitations period).

Where, as here, a claim under Rule 60(b)(2) is filed more than one year after entry of judgment, such a claim is time-barred by Rule 60(c).  See Middleton v. McDonald, 388 F.3d 614, 616 (8th Cir. 2004) ("Because the substance of [plaintiff's] Rule 60(b)[(6)] motion is in reality grounded in subsection (3), we agree with the district court that the claim is subject to the one-year limitation period, and [plaintiff] cannot avoid that limitation by labeling

the motion as brought pursuant to subsection (6)." (citation omitted)). Therefore, for this additional reason, denial of the motion is warranted.[1]

**III. Subsection (6)**

"Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Connoy's Rule 60(b)(6) request relies on the same rationale as that brought under Rule 60(b)(5). As an initial matter, the court notes that subsection (6) cannot apply if any other subsection of Rule 60(b) is applicable. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 ("[C]lause (6) and clauses (1) through (5) are mutually exclusive." (citation omitted)). As a result, Connoy's Rule 60(b)(6) motion is procedurally improper, as the motion should have been brought under Rule 60(b)(2).

---

[1] To the extent that Connoy argues that the wrong lender, servicer and phone number were listed on the foreclosure notice, such an argument is unpersuasive. Connoy previously raised these arguments on appeal. Appellant's Br. at 3, Connoy v. U.S. Bank, N.A., No. 12-1002 (8th Cir. June 18, 2012) (explaining "Statement of Issues"). As a result, such a claim is barred by the law-of-the-case doctrine. United States v. Wisecarver, 644 F.3d 764, 770 (8th Cir. 2011) ("When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must adhere to any limitations imposed on its function ... by the appellate court." (alteration in original) (citation and internal quotation marks omitted)).

6

Even if the court were to find that Rule 60(b)(6) was applicable and that Ruiz creates a change in law, denying the motion would still be warranted. Indeed, "a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance" warranting relief under Rule 60(b). Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc., Inc., 194 F.3d 922, 925 (8th Cir. 1999) (citations omitted). Other than an alleged change in law, Connoy presents no extraordinary circumstances that would warrant application of Rule 60(b)(6). Therefore, the motion is denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiff's motion for Rule 60(b) relief [ECF No. 38] is denied.

Dated: June 14, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court